**In re Denese EDWARDS, Debtor.**

**No. 01–10220.**

United States Bankruptcy Court,
D. Rhode Island.

May 31, 2001.

Christopher M. Lefebvre, Pawtucket, RI, for Debtor.

John Boyajian, Boyajian, Harrington & Richardson, Providence, RI, Chapter 13 Trustee.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on April 5, 2001, on confirmation of the Debtor's Chapter 13 Plan. The Trustee objects to confirmation, arguing that the proposed plan impermissibly classifies a nondischargeable student loan obligation, and would discriminate unfairly against other unsecured creditors, in violation of 11 U.S.C. § 1322(a)(3) and (b)(1).

The Debtor proposes to pay into the Plan $330 per month for 60 months, which will retire all priority debt in full, as well as the mortgage arrearage on her home. Unsecured creditors will receive nothing.

Focusing on Schedule J, wherein the Debtor lists an ongoing student loan payment of $140 per month, the Trustee argues that by paying her student loan outside the Plan, that creditor is treated better than other unsecured creditors. If the Debtor adds the student loan payment to the Plan, unsecured creditors will be paid 25% of their claims, and in the process the student loan debt would be reduced from $18,000 to approximately $13,000 over the life of the Plan.

The Debtor looks to 11 U.S.C. § 1322(b)(5) which states:

> (b) Subject to subsections (a) and (c) of this section, the plan may—
>
> (5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

11 U.S.C. § 1322(b)(5). Because the last scheduled payment on the student loan debt is due after the final payment is due under the Plan, the Debtor argues that she is allowed to maintain payments to the student loan creditor during the life of the Plan.

While the Debtor's contention that payment of the student loan debt is technically correct, Section 1322(b)(5) cannot be read in a vacuum, as proposed, i.e.,

> Because the initial clause in section 1322(b)(5) provides that "notwithstanding paragraph (2) of this subsection" the plan may provide for the curing of defaults and maintenance of payments, the Court finds that section 1322(b)(5) must be applied consistently with section 1322(b)(1), which requires that a plan "not discriminate unfairly against any class so designated" as an unsecured creditor class.

*In re Chandler*, 210 B.R. 898, 903 (Bankr. D.N.H.1997) (footnote omitted). Other courts addressing this issue have also held that Sections 1322(b)(1) and (b)(5) must be read together. *See In re Thibodeau*, 248 B.R. 699, 703–04 (Bankr.D.Mass.2000); *In re Coonce*, 213 B.R. 344 (Bankr.S.D.Ill. 1997). Therefore, even though a plan calls for the continuation of payments on long term unsecured debts in accordance with Section 1322(b)(5), it must also provide that such treatment does not unfairly discriminate against other unsecured creditors under Section 1322(b)(1). Put another way, literal compliance with § 1322(b)(5) does not relieve debtors of their obligations under § 1322(b)(1).

At the confirmation hearing, the Debtor's attorney represented that in the event of a ruling that Section 1322(b)(1) applied, he was not prepared to address the specific issue of whether the monthly payment of the student loan obligation during the life of the plan unfairly discriminated against other unsecured creditors. Accordingly, the confirmation hearing will be reset for a hearing to determine that question, on June 14, 2001, at 9:30 a.m.